UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CARLTON B. CHATMON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 15-078-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN HOLLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Carlton B. Chatmon is an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding *pro se*, Chatmon has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the Bureau of Prisons ("BOP") has failed to award him credit for 168 days served in pre-trial custody, which effectively extends his prison sentence by six months. Chatmon requests that this time be credited to his sentence and that a federal detainer be removed so that he can be placed in a residential re-entry center, or halfway house. [Record No. 1].

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  Otherwise, the Court may resolve the petition as law and justice require.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Chatmon's request for relief will be denied because it is clear from the face of the petition that he has failed to exhaust his administrative remedies.

### BACKGROUND[1]

Chatmon is a District of Columbia ("D.C.") prisoner, but he is serving his sentence in a federal prison.[2]  Chatmon was initially convicted by the Superior Court of the District of Columbia in Case No. 2006 CF2 024524 and sentenced to a term of imprisonment of 24 months, followed by a three-year term of probation.  He claims that his period of probation expired on September 1, 2013.  [Record No. 1, Page ID# 3].  On July 27, 2013, however, he was arrested and charged with offenses in D.C. Case No. 2013 CF3 13077 and D.C. Case No. 2013 CF3 13094.  *Id.*  Ultimately, Chatmon entered a guilty plea in both cases.  He remained in pre-trial custody from his arrest on July 27, 2013, until he was sentenced in both

---

1   The following information is based on the statements made by Chatmon in his habeas petition and the information contained in exhibits attached he has attached.  [Record No. 1; Record No. 1-1].

2   On August 5, 1998, the United States Parole Commission ("USPC") assumed jurisdiction over District of Columbia ("D.C.") Code offenders sentenced to parolable sentences, and over D.C. parolees, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998).  *See also* D.C. Code 24-409; D.C. Code Ann. § 24-131(a) (formerly § 24-1231); *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).

cases on January 10, 2014 (a total of 168 days). [Record No. 1-1, Page ID# 14]. Chatmon does not state what sentence he received regarding these cases.

Chatmon's arrest on July 27, 2013, on the charges lodged against him in the two 2013 D.C. cases resulted in charges for a federal probation violation because a federal detainer has been placed against him due to a parole violation warrant. [Record No. 1-1, Page ID# 11]. Thus, after Chatmon completes his sentences for the two 2013 D.C. convictions, he will be taken into custody by the United States Marshal on the parole violation warrant.[3]

## DISCUSSION

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts have consistently required federal prisoners to fully exhaust the BOP's available administrative remedies before filing a petition seeking habeas corpus relief pursuant to § 2241. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) (per curiam). The four-tiered administrative remedy scheme available to BOP inmates is set out in the BOP's Administrative Remedy Program, 28 C.F.R. §§ 542.10–.19.[4]

---

3   The BOP's website reflects that Chatmon's projected release date on the D.C. sentences is November 12, 2015. *See* http://www.bop.gov/inmateloc/04698000 (last visited July 27, 2015).

4   The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. § 542.10–.19. Section 542.13(a) requires that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing staff with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10]. And if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* § 542.15.

Chatmon began the administrative remedy process on March 23, 2015, when he filed a BP-8 with the Administrative Remedy Coordinator requesting his parole termination date. [Record No. 1-1, Page ID# 12]. On that same date, Chatmon was advised that his parole term expired on June 23, 2013. *Id.* Even so, Chatmon states that he never received a response to his BP-8. Assuming the truthfulness of that statement, in the absence of a response within the time allowed, including any extension, an inmate may consider the lack of a response as a denial at that level, and move to the next step in the administrative exhaustion process. *See* 28 C.F.R. § 542.18. Instead of filing an Administrative Remedy Request (a BP-9) with the Warden and proceeding through all steps of the BOP's administrative remedy process, Chatmon simply filed the present habeas petition on May 5, 2015.

Based on the statements contained in Chatmon's petition, plus the exhibits he has attached, it is clear that Chatmon did not exhaust his administrative remedies regarding the claims raised in the habeas petition. While failure to exhaust administrative remedies is an affirmative defense which ordinarily must be raised by the respondent, *Jones v. Bock*, 549 U.S. 199, 211 (2007), a court may dismiss a claim on its own motion for failure to exhaust administrative remedies where that failure is evident from the face of the petition or complaint and supporting materials. *Aron v. Lamanna*, 4 F. App'x 232 (6th Cir. 2001)

---

The administrative procedure includes established response times. 28 C.F.R. § 542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20 to 30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

(affirming *sua sponte* dismissal of habeas petition for failure to exhaust administrative remedies); *Graham v. Snyder*, 68 F. App'x 589 (6th Cir. 2003).

## CONCLUSION

The pleadings and the record confirm that Chatmon failed to exhaust his administrative remedies prior to filing his habeas petition. Accordingly, it is hereby

**ORDERED** as follows:

1. Carlton B. Chatmon's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

The 30th day of July, 2015.

